**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUDY GARAFOLA,** | : | **No. 3:07cv2305** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY** | : | |
| **CORRECTIONAL CARE, INC.** | : | |
| **and DR. EDWARD ZALOGA,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

_____Before the court for disposition are motions to dismiss Plaintiff Rudy
Garafola's civil rights complaint.  The motions were filed by Defendants
Correctional Care, Inc. (hereinafter "CCI") and Dr. Edward Zaloga.   The
matter has been fully briefed and argued.  It is thus ripe for disposition.

**Background**

Years before the events at issue, Plaintiff Rudy Garafola suffered
injuries to his hip which necessitated surgery and the placement of a partial
artificial hip.  (Doc. 33, Amended Complaint ¶ 8).  In June 2006, plaintiff
was sentenced to serve time in the Lackawanna County Correctional
Facility (hereinafter "LCCF")  for a parole violation.  (<u>Id.</u> at ¶ 11).  Upon
arrival, plaintiff informed personnel of the LCCF that he had had a hip
replacement and needed a bottom bunk  as opposed to a top bunk.  (<u>Id.</u> at
¶ 12).

The policy of Defendant Lackawanna County and LCCF policy is not
to enforce bunk assignment.  Therefore, even if an inmate is assigned a
bottom bunk, this assignment is not enforced.  (<u>Id.</u> at ¶ ¶ 13 - 14).  As a
result, plaintiff used a top bunk at LCCF.  (<u>Id.</u> at ¶  16).   No ladders are
provided to the top bunks.   In order to get off of the bunk each morning,
plaintiff had to climb down as best he could and make a partial jump to the
floor.  (<u>Id.</u> at ¶  17).  This jump repeated day after day caused severe strain

to, and the eventual breaking of, plaintiff's hip.  (Id. at ¶¶ 17-18).

Plaintiff asserts that the prison doctor, Defendant Edward Zaloga, D.O., and Defendant CCI were deliberately indifferent to his serious medical needs.   CCI is an entity owned by Dr. Zaloga that contracted to provide medical care to LCCF inmates.

Plaintiff then filed the instant case.  The amended complaint is comprised of the following three counts:  1) Violation of the Eighth Amendment prohibition of cruel and unusual punishment and the Fourteenth Amendment guarantee of due process against Defendant Lackawanna County; 2) the same as count I except against Defendants Zaloga and CCI; 3) Negligence and gross negligence against Defendants Zaloga and CCI.  The first two counts are filed pursuant to 42 U.S.C. § 1983, and the third count is filed under Pennsylvania state tort law. Plaintiff seeks monetary damages, including punitive damages, attorney's fees and costs.

Defendants CCI and Zaloga have filed motions to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We  have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

As noted above, Defendants CCI and Zaloga both filed motions to dismiss.  We will address them separately.

**I.  Defendant CCI's motion to dismiss**

CCI's motion raises the following three issues: A)  Has plaintiff failed to set forth a claim for respondeat superior liability; B) Has plaintiff failed to state a substantive due process claim under the Fourteenth Amendment; C) Has plaintiff failed to allege an agency relationship which would allow for vicarious liability against CCI.  We address these issues *in seriatim*.

**A.  Respondeat Superior liability**

Defendant CCI argues that it cannot be held vicariously liable for civil rights under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).  Under Monell, according to the defendant, plaintiff must allege that the constitutional violation stemmed directly from one of its policies and procedures.  Plaintiff, on the other hand, argues that Monell applies solely to municipalities and CCI as a corporation can be held responsible for the actions of its employees/agents.  After a careful review, we agree

3

with Defendant CCI.

Monell held that municipalities cannot be held vicariously liable for the constitutional violations of its employees.  Monell, 436 U.S. at 691. Rather, a municipality can only be held liable for a constitutional violation, caused by the municipality's policy or custom. Id. at 694.  Defendant CCI, a private company contracting with the government, seeks to have the Monell doctrine applied to it so that it cannot be held vicariously liable for its employees' constitutional violations.   Our research has uncovered no Third Circuit cases on this issue.[1]  Courts within the Third Circuit, however, have held that Monell holding does apply to private companies that contract with the government.  See  Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992); Miller v. City of Philadelphia, No. Civ. A. 96-3578, 1996 WL 683827, at * 8 (E.D.Pa. Nov. 25, 1996); Scheetz v. Morning Call, Inc., 747 F.Supp. 1515, 1520 (E.D.Pa.1990). Moreover, circuit courts of appeal that have addressed the issue have also found that corporations cannot be held vicariously liable for constitutional violations.  Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir.1982); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir.1982); Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir.1989); Street v. Corrections Corp. of America, 102 F.3d 810, 818 (6th Cir. 1996).

---

[1]The Third Circuit Court of Appeals has held that New Jersey's Prison Health Service (PHS) "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." Natale v. Camden County Correction Facility, 318 F.3d 575, 583 (3d Cir. 2003).  It appears that PHS provides the same types of services to prisons that CCI does.  Natale, however, is not controlling on this issue because, although it is unclear, PHS is seemingly a governmental entity, not a private corporation.

We agree with the reasoning of the great weight of authority that extends <u>Monell</u> liability to private corporations.  Accordingly, plaintiff can only have a constitutional claim against Defendant CCI if that claim is predicated on CCI's polices or procedures.  The Amended Complaint fails to assert that the constitutional violations were caused by CCI's policies or custom.   We will thus grant the motion to dismiss the constitutional claims against CCI.

Plaintiff seeks leave to amend the complaint and allege "policy and practice" if we find that <u>Monell</u> liability is appropriate.[2]  Accordingly, we will grant plaintiff leave to file an amended complaint with regard to the liability of CCI.

## B. Fourteenth Amendment

CCI next argues that Plaintiff's substantive due process claim under the Fourteenth Amendment is improper because there can be no viable substantive due process claim where the constitutional claim is covered by a specific constitutional provision.   <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 834 (1998).  Here plaintiff's claim is covered by the Eighth Amendment cruel and unusual punishment.

We find that the substantive due process claim should be dismissed from the complaint.  The United States Supreme Court has explained that it has "always been reluctant to expand the concept of substantive due process, where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government

_____

[2]Plaintiff asserts in his brief that the constitutional violations occurred due to CCI's policy of "having a single doctor diagnose and treat ailments outside his area of expertise, as well as other policies and customs."  (Doc. 47, Pl. Oppo. Brief at 100).

behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 834 (1998)(internal quotation marks and citations omitted).   Instantly, a particular constitutional amendment provides an explicit textual source for protection to the plaintiff, that is the Eighth Amendment prohibition of cruel and unusual punishment.  Thus, it is proper to dismiss plaintiff's substantive due process claim.

Plaintiff agrees, but would like to keep the Fourteenth Amendment claim in the Amended Complaint in the event that the Supreme Court holds prior to trial that the Fourteenth Amendment can form part of the claim. We find that dismissal is appropriate.  If the law changes by the time of trial, plaintiff may move to amend his complaint.  Accordingly, CCI's motion to dismiss the substantive due process claim will be granted.

## C.  Agency relationship -- Vicarious Liability

In addition to the constitutional claims against CCI, plaintiff also pleads a negligence cause of action.   (Doc. 33, Amended Complaint, ¶¶ 39-43).  CCI next challenges plaintiff's claims of negligence.  CCI argues that it cannot be held liable for Dr. Zaloga's actions because his conduct is not controlled by CCI.  Moreover, Zaloga is not a servant of CCI because he owns it.   Because, there is no vicarious liability, CCI argues that the negligence claims and the punitive damages claims against it should be dismissed.

Plaintiff argues that CCI admits that CCI and Dr. Zaloga are one. Therefore CCI is necessarily liable for Zaloga's actions.    Further, as medical director of CCI, Zaloga is also its agent.   It is not cogent for CCI to argue that it had total responsibility for the medical care for all Lackawanna

6

County prisoners but is not liable for the actions of its owner and employees who provide that care according to the plaintiff.

We will deny the motion to dismiss on this point.  According to the complaint, Zaloga owns CCI.  (Doc. 33, Amended Complaint, ¶ 6).  Zaloga is also the medical director of CCI (Id.).  CCI contracted with Lackawanna County to provide complete medical care to inmates at the prison.  (Id. at ¶ 5).  It was pursuant to this contract and his relationship that Zaloga treated plaintiff.  "It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."  Meyer v. Holley, 537 U.S. 280, 285 (2003).  "And in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents."  Id. at 286.

Defendant CCI has presented no argument that would make it appropriate to deviate from the general law on this point.  CCI's argument is very fact sensitive and involves Zaloga's relationship with CCI and whether CCI can be held liable for Zaloga's actions.  These issues would better be addressed at the summary judgment stage after discovery has been taken and the facts of the case are before the court.[3]   Accordingly, CCI's motion to dismiss on this point will be denied.

_____

[3]Defendant CCI argues that the punitive damages claim against it should be dismissed from the complaint.  CCI's argument is that because it cannot be held vicariously liable for negligence or gross negligence then the punitive damages claim should be dismissed also.  Because we will not grant the motion to dismiss with regard to the negligence and gross negligence claim, it also would be inappropriate to dismiss the punitive damages claim.

## II.  Defendant Dr. Zaloga's motion to dismiss

Defendant Zaloga raises two arguments in his motion to dismiss.  He argues that plaintiff has failed to state a claim based upon a deliberate indifference to serious medical needs and that the amended complaint fails to set forth a claim for punitive damages.  We will address these issues separately.

## A.  Deliberate indifference to a serious medical need

First, Defendant Zaloga argues that the constitutional claims against him should be dismissed as the plaintiff's allegations are inadequate to state a valid Eighth Amendment cause of action.  After a careful review, we disagree.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  Estelle v. Gamble, 429 U.S. 97, 103 (1976).  Thus, a violation of the Eighth Amendment prohibition of cruel and unusual punishment arises when there is "deliberate indifference to serious medical needs of prisoners."  Id. at 104.

Defendant Zaloga argues that plaintiff has not alleged sufficient facts to establish "deliberate indifference."  Under Farmer v. Brennan, 511 U.S. 825 (1994), an official is deliberately indifferent to a serious medical need when he "knows of and disregards an excessive risk to an inmate's health or safety: the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference."  Id. at 837.

We find that for purposes of the motion to dismiss, the complaint sufficiently sets forth a claim of deliberate indifference.   Plaintiff requested to see Dr. Zaloga and he told him about his history of hip replacements

8

and the pain he was experiencing.   (Doc. 33, Amended Complaint ¶ 19).
Zaloga "simply felt [plaintiff's] leg and told [him] that there was nothing
wrong with him."  Id. at ¶ 20.  Defendant Zaloga recommended that plaintiff
quit his prison job and stay in his bunk for bed rest.  Id.  He did no further
examination or order further diagnostic tests or x-rays that day.  Id.  Two
weeks later plaintiff visited Zaloga again.   Zaloga's diagnosis was once
again that nothing was wrong with the plaintiff.  Id. at ¶ 21.  He provided
non-prescription pain killers to plaintiff.  Id.   A nurse employed by CCI
informed the plaintiff that Zaloga was angry because he (plaintiff)
continued to complain of pain.  Id. at ¶ 22.  Eventually, Garafola was x-
rayed.  Plaintiff suspected that the pain was caused by a loose femur.
After the x-rays were completed he asked the technician if the doctor
would be able to tell if the femur was in fact loose.  She told him that he
should have asked her before she took the x-rays and she would have
made them lighter.  But she did not take any further x-rays.  Id. at ¶ 23.  In
actuality, the top of plaintiff's hip bone had broken off and the muscle was
hanging on its own.  Plaintiff remained in this condition without a proper
diagnosis from Defendant Zaloga or CCI for ten (10) months.  (Id. at ¶ 24).
During this period, Dr. Zaloga provided a paper for plaintiff to sign that
indicated he (plaintiff) did not want Zaloga to treat him any more.
"Because Zaloga was uninterested in treating him and because Zaloga
refused to examine him properly or determine what had happened to [him],
[plaintiff] signed the paper."  (Id. at 25).

     Defendant Zaloga  simply asserts that the facts alleged do not
amount to deliberate indifference.  We disagree.  For purposes of a motion
to dismiss,  the allegations of the complaint support a finding that Zaloga

9

was deliberately indifferent to his serious medical needs.  Plaintiff asserts that he repeatedly presented himself to Zaloga, who provided the most cursory of examinations and treatment.   He became angry when the plaintiff continued to complain of pain and seemed uninterested in treating him.  Therefore, Defendant Zaloga's motion to dismiss will be denied on this ground.

**B.  Punitive Damages**

Defendant Zaloga next argues that the complaint fails to aver any action or inaction that would support a claim for punitive damages.  We disagree.

The United States Supreme Court has held that in a civil rights action under § 1983, "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages."  Smith v. Wade, 461 U.S. 30, 56 (1983).  As set forth above, the facts alleged in this case can certainly support a finding of "reckless or callous disregard" of plaintiff's rights. Therefore, the punitive damages claim will not be dismissed.

**Conclusion**

The motions to dismiss filed on behalf of Defendants CCI and Zaloga will be denied except with regard the substantive due process claim under the Fourteenth Amendment and respondeat superior liability.  Plaintiff will be granted leave to file an amended complaint to properly plead a cause of action with regard to respondeat superior liability.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUDY GARAFOLA,** | : | **No. 3:07cv2305** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY** | : | |
| **CORRECTIONAL CARE, INC.** | : | |
| **And DR. EDWARD ZALOGA,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

_____**AND NOW**, to wit, this 6th day of November 2008 it is hereby ordered as follows:

1) Defendant Correctional Care, Inc.'s motion to dismiss (Doc. 35)  is **GRANTED** with respect to the substantive due process claim under the Fourteenth Amendment and with regard to vicariously liability.  Plaintiff is granted leave to file a second amended complaint within twenty (20) days from the date of the order to properly plead vicarious liability.  The motion is **DENIED** in all other respects.

2) Defendant Dr. Edward Zaloga's motion to dismiss (Doc. 34) is **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**