# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDY GARAFOLA,<br>        Plaintiff<br><br>v.<br><br>LACKAWANNA COUNTY,<br>CORRECTIONAL CARE, INC., and<br>DR. EDWARD ZALOGA,<br>        Defendants | No. 3:07cv2305<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is Defendant Correctional Care, Inc.'s (hereinafter "CCI") motion to dismiss and to strike. The matter has been briefed and is ripe for disposition.

## Background

Years before the events at issue, Plaintiff Rudy Garafola suffered injuries to his hip which necessitated surgery and the insertion of a partial artificial hip. (Doc. 33, Amended Complaint ¶ 8). In June 2006, plaintiff was sentenced to serve time in the Lackawanna County Correctional Facility (hereinafter "LCCF") for a parole violation. (Id. at ¶ 11). Upon arrival, plaintiff informed personnel of the LCCF that he had had a hip replacement and needed a bottom bunk as opposed to a top bunk. (Id. at ¶ 12).

The policy of Defendant Lackawanna County and LCCF policy is not to enforce bunk assignment. Therefore, even if an inmate is assigned a bottom bunk, this assignment is not enforced. (Id. at ¶¶ 13 - 14). As a result, plaintiff used a top bunk at LCCF. (Id. at ¶ 16). No ladders are provided to the top bunks. In order to get off of the bunk each morning, plaintiff had to climb down as best he could and make a partial jump to the floor. (Id. at ¶ 17). This jump repeated day after day caused severe strain to, and the eventual breaking of, plaintiff's hip. (Id. at ¶¶ 17-18).

Plaintiff asserts that the prison doctor, Defendant Edward Zaloga, D.O., and Defendant CCI, the entity that contracted to provide medical care to LCCF inmates, were deliberately indifferent to his serious medical needs.

Plaintiff thus filed the instant case.  Plaintiff filed the original complaint and then an amended complaint.  The amended complaint was comprised of the following three counts:  1) Violation of the Eighth Amendment prohibition of cruel and unusual punishment and the Fourteenth Amendment guarantee of due process against Defendant Lackawanna County; 2) the same as count I except against Defendants Zaloga and CCI; 3) Negligence and gross negligence against Defendants Zaloga and CCI.  The first two counts are filed pursuant to 42 U.S.C. § 1983, and the third count is filed under Pennsylvania state tort law. Plaintiff seeks monetary damages, including punitive damages, attorney's fees and costs.

Defendants CCI and Zaloga filed motions to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We denied the motions except with regard to the substantive due process claim under the Fourteenth Amendment and respondeat superior liability.  We granted leave to the plaintiff to plead properly a cause of action with regard to respondeat superior liability.

Plaintiff filed a second amended complaint on November 21, 2008. (Doc. 57).   Defendant CCI then filed the instant motion to dismiss and to strike, bringing the case to its present posture.   We will address each issue separately.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for

constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### 1. Motion To Dismiss

First we will discuss Defendant CCI's motion to dismiss, which is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Defendant CCI moves to dismiss the Amended Complaint to the extent that it asserts a substantive due process claim under the Fourteenth Amendment to the United States Constitution. In our order on the original motion to dismiss, this court dismissed that cause of action. Although we dismissed the cause of action, Defendant CCI argues that the Second Amended Complaint contains a substantive due process claim.

Plaintiff responds that the Fourteenth Amendment language from the previous complaint was simply left in place in the Second Amended Complaint. Plaintiff asserts that he is aware that there is no substantive due process claim. Accordingly, as the parties agree that the court has

3

dismissed the substantive due process claim, the motion will be granted to the extent that the Second Amended Complaint can be read to assert such a claim.[1]

### 2. Motion To Strike

Next, Defendant CCI moves to strike a paragraph 33 of the Second Amended Complaint, which reads as follows:

> An example of CCI's custom is a recent incident in which CCI permitted a female inmate to give birth alone in a cell in the LCCF, rather than transport the inmate to a hospital and provide appropriate care for the mother and child. That incident, as well as the present case, are examples of CCI's policies and/or customs in this action.

(Doc. 57, Second Amended Complaint ¶ 33).

Defendant CCI contends that this averment is scandalous, immaterial and impertinent and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Under Rule 12(f) of the Federal Rules of Civil Procedure we may strike portions of a pleading "any redundant, immaterial, impertinent or scandalous matter."

> Courts possess considerable discretion under Rule 12(f) to dispose of motions to strike. See Kim v. Baik, 2007 WL 674715, *5 (D.N.J. Feb. 27, 2007). Motions to strike are disfavored, however, and "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Id. Striking matters from the record is a "drastic remedy to be resorted to only when required for the purposes of justice." Id.

In re Schering-Plough Corp./Enhance Securities Litig., No. 08-CV-397,

---

[1] Plaintiff asserts that the Fourteenth Amendment claim is necessary to the extent that the Fourteenth Amendment incorporates the Eighth Amendment and makes it applicable to state actors. That portion of the Fourteenth Amendment claim will not be dismissed.

4

2009 WL 1410961*1 (D.N.J. May 19, 2009).

Defendant CCI argues that paragraph 33 subjects it to a trial in the court of public opinion where it cannot adequately respond and is prejudicial to its reputation, business and defense of the instant matter.

We will deny the motion. In order to hold CCI liable, the plaintiff must establish that the alleged constitutional violation was caused by the defendant's policy or custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Pleading another incident that occurred at the facility may help the plaintiff establish a custom, and thus, the defendant's liability. Therefore, the motion to strike will be denied.

**Conclusion**

For the reasons set forth above, Defendant CCI's motion to dismiss will be granted to the extent that the Second Amended Complaint can be read to assert a substantive due process claim under the Fourteenth Amendment. The motion to strike will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDY GARAFOLA,<br>    Plaintiff<br><br>    v.<br><br>LACKAWANNA COUNTY,<br>CORRECTIONAL CARE, INC., and<br>DR. EDWARD ZALOGA,<br>    Defendants | No. 3:07cv2305<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit this 9th day of June 2009, the Defendant Correctional Care, Inc.'s motion to dismiss and to strike (Doc. 59) is **GRANTED** in part and **DENIED** in part. The motion to dismiss is **GRANTED** to the extent that the Second Amended Complaint asserts substantive due process claim under the Fourteenth Amendment and **DENIED** with respect to striking paragraph 33 of the Second Amended Complaint.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**